USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: 08/22/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE L. JACKSON,

Petitioner

- against -

RONALD W. MOSCICKI,

Respondent.

99 Civ. 2427 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The petitioner, Tyrone Jackson, has filed a motion pursuant to Fed. R. Civ. P. 60(b)(4) and (6) to vacate this Court's judgment entered on May 2, 2000 denying his petitions for habeas corpus pursuant to 28 U.S.C. § 2254 which sought to vacate his 1987 state court conviction pursuant to his guilty plea to attempted robbery in the second degree. See Jackson v. Moscicki, 99 Civ. 2427, 99 Civ. 9746, 2000 WL 511642 (S.D.N.Y. Apr. 27, 2000). The petitioner also seeks to amend his original petition and seeks an evidentiary hearing. Following the denial of the petitioner's petitions for habeas corpus, the Court denied the petitioner's applications to vacate the judgment pursuant to Fed. R. Civ. P. 60(b) and for a new trial pursuant to Fed. R. Civ. P. 59. The Court of Appeals subsequently denied the petitioner's application for a certificate of appealability and dismissed the petitioner's appeal, and the mandate issued on December 11, 2000.

The applications are plainly untimely. Motions pursuant to Fed. R. Civ. P. 60(b)(4) and (6) must be made "within a





reasonable time." See Fed. R. Civ. P. 60(c)(1). The petitioner argues that this Court's original decision denying his petition was erroneous, but there is no reason that the petitioner could not have made the same arguments within a reasonable time after the original decision. Indeed, the petitioner had the opportunity to raise all of the same arguments in his previous motions to vacate the judgment or before the Court of Appeals. The current motion which is brought over seven years after the original judgment was entered is plainly unreasonably delayed and untimely and should be denied on that basis alone. See, e.g., Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam) (affirming the denial of a Rule 60(b) motion made twenty-six months after the entry of final judgment and holding that the delay was "patently unreasonable"); Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) (affirming the denial of a Rule 60(b) motion made three and a half years from the date of judgment on the basis that the delay was not reasonable).

Moreover, the petitioner has failed to make the showing necessary to vacate the judgment and there is no reason to find that the original decision was in any way incorrect.

Therefore, the motions are **denied**.

**SO ORDERED.**

**Dated: New York, New York**
**August 21, 2008**

**John G. Koeltl**
**United States District Judge**